**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| AMY DOYEL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 4:08-CV-1198 CAS |
| v. ) | |
| ) | |
| MCDONALD'S CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss and motion to strike or dismiss class allegations. Plaintiffs oppose the motion. For the following reasons, the motion will be granted in part and denied in part.

**Background**

Plaintiffs Amy Doyel, Michael Doyel, Alex Prodes, and Dan Pryor bring this action on behalf of themselves and a putative class of all current and former hourly employees who worked for defendant McDonald's Corporation in Missouri since March 1, 2006. Plaintiffs allege that they were not paid for all hours worked and that defendant's time records are not accurate. They bring their action in seven counts: violation of the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 *et seq*. (Count I); violation of Missouri record keeping requirements (Count II); unjust enrichment (Count III); quantum meruit (Count IV); breach of implied contract (Count V); violation of the Fair Labor Standard Act ("FLSA") (Count VI); and retaliation in violation of the FLSA (Count VII). For relief, plaintiffs seek a declaration that defendant violated the MMWL, back wages, liquidated damages, injunctive relief, interest, attorneys' fees, and costs.

Defendant moves to dismiss most of plaintiffs' action, asserting: (1) many of the MMWL claims predate the effective date of the statute; (2) plaintiffs lack standing to assert record keeping violations, to seek injunctive or declaratory relief, or to assert claims at restaurants where they never worked; (3) the FLSA partially preempts plaintiffs' common law claims; and (4) the alleged existence of a contract precludes the unjust enrichment, quantum meruit, and implied contract counts. Defendant also moves to strike or dismiss the class allegations, arguing that the putative class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The issue is not whether plaintiffs will ultimately prevail, but whether they are entitled to present evidence in support of their claim. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007); Fed. R. Civ. P. 8(a)(2). "The plaintiffs need not provide specific facts in support of their allegations, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual

information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S. Ct. at 1964-65 & n.3. The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.' Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008).

**Discussion**

### A. The MMWL Claims Arising Prior to January 1, 2007

In Count I, plaintiffs seek relief for any hourly employee in Missouri who worked for defendant at any time "during the relevant statute of limitations period." Defendant argues the Court must dismiss plaintiffs' MMWL claims arising before January 1, 2007 because prior to that date, the MMWL did not apply to employers, including defendant, who were covered by the FLSA.

Prior to January 1, 2007, § 290.500(3)(d) excluded from its definition of an employee: "Any individual who receives a minimum wage pursuant to the Fair Labor Standards Act of 1938, as amended, including individuals employed by an employer covered by 29 U.S.C. § 203, or other applicable federal law." Mo. Rev. Stat. § 290.500(3)(d) (2005). Defendant asserts that it is an employer covered by 29 U.S.C. § 203, and therefore its employees were not included in the MMWL's definition of employee prior to January 1, 2007. This exclusion was eliminated effective January 1, 2007, bringing McDonald's employees within the scope of the definition of employees.

Plaintiffs take issue with defendant's interpretation of the definition, stating that for the exemption to apply the employee must "receive" minimum wage. Because the gist of plaintiffs' claims is that they did not receive minimum wage, e.g., they worked through meals and breaks, worked off-the-clock, etc., they claim the exclusion is inapplicable.

Plaintiffs' argument is not persuasive. Considered as a whole, the text of the exemption plainly exempted from the MMWL all employees who were covered by the FLSA before January 1, 2007. If the Court were to adopt plaintiffs' interpretation, an employee would be exempt from the MMWL only if his employer complied with the FLSA's minimum wage requirement. Because the provisions of the MMWL and the FLSA were substantively identical before January 1, 2007, an employee would be exempt from the MMWL only if his employer complied with the MMWL. Based on the entire text and purpose of th MMWL, the exemption meant to protect individuals by the MMWL if they were not protected by the FLSA. The Court finds that because defendant was covered by the FLSA before January 1, 2007, plaintiffs and their putative class are barred from recovering under the MMWL for violations occurring before January 1, 2007.

**B.    Private Cause of Action for Record Keeping Violations**

In Count II, plaintiffs allege a violation of Missouri's record keeping statute, Mo. Rev. Stat. § 290.520, which requires employers to keep a record of hours worked by employees each day and each work week for a period of three years. Defendant moves to dismiss this count, stating that under Missouri law, the MMWL provides no private right of action for a record keeping violation under § 290.520. For support, defendant cites Jones v. Casey's Gen. Stores, 538 F. Supp. 2d 1094, 1106-08 (S.D. Iowa 2008), in which the federal court denied plaintiffs leave to amend their complaint to allege a claim under § 290.520 because it held the Missouri legislature did not explicitly provide a private cause of action. Plaintiffs counter that § 290.527 allows them to bring a private right of action, because § 290.520 is within the range of statutory sections listed in that provision.

The Court finds Jones v. Casey's Gen. Stores persuasive authority, and agrees with the court's analysis of the Missouri legislature's intent in providing a private cause of action under §

290.527. Under Missouri law, "the creation of a private right of action by implication is not favored, and the trend is away from judicial inferences that a statute's violation is personally actionable." Id. at 1107 (quoting Shqeir v. Equifax, Inc., 636 S.W.2d 944, 947 (Mo. 1982)). "The omission of an express private right of action in § 290.520, coupled with the alternative enforcement provisions for violations thereof in § 290.525, indicates that Missouri law does not support a private right of action for violation of the record-keeping provisions of the minimum wage law." Id. at 1108. Contrary to plaintiffs' interpretation of the statute, § 290.527 does not state that employees may sue for violations of any of the listed statutory provisions. Based on its plain language, it allows an employee who is paid less wages than those listed sections require to bring a legal action to collect those wages. In Count I, plaintiffs have done just that, sued for lost wages. Because the Court finds that § 290.520 does not provide for a private cause of action for record keeping violations, the Court will grant defendant's motion to dismiss Count II.

**C.     Plaintiffs' Standing to Seek Injunctive or Declaratory Relief.**

In their prayer for relief, plaintiffs seek, inter alia, a declaration that defendant violated the wage and hour provisions of the MMWL and willfully violated § 290.500. In Count I, plaintiffs seek injunctive relief to prevent defendant from continuing its alleged violations of the MMWL.[1] In its motion to dismiss, defendant asks the Court to dismiss plaintiffs' claims for injunctive and declaratory relief, arguing the MMWL does not authorize any action for equitable relief. Plaintiffs' response is contained in one paragraph, and simply refers the Court to the language of § 290.527, which states that an employee may bring "any legal action necessary to collect the claim." See Pl. Resp. at 5.

---

[1]Plaintiffs also seek injunctive relief in Count II under the MMWL, but this Count has been dismissed. See Part B, supra.

As discussed previously, § 290.527 allows an employee to collect "the full amount of the wage rate and an additional equal amount as liquidated damages. . . . The employee may bring any legal action necessary to collect the claim." Plaintiffs' argument that they are entitled to equitable relief under § 290.527 overlooks the distinction between a "legal action . . . to collect the claim" and an "equitable action." Section 290.527 does not expressly authorize injunctive or declaratory relief. In the absence of express authorization to seek a specific remedy, the Missouri Supreme Court has held that no such action can be brought. E.g., State Dep't of Labor & Indus. Relations v. SKC Elec., Inc., 936 S.W.2d 802 (Mo. 1997) (finding the Missouri Department of Labor lacked the power to sue for back wages absent express authority). Because plaintiffs lack express authority to seek declaratory and injunctive relief under § 290.527, the Court finds that these claims must be dismissed.

### D. Preemption of Counts III through V

Plaintiffs bring Counts III through V for unjust enrichment, quantum meruit, and breach of an implied contract under Missouri law. Defendant moves to dismiss these claims, arguing that the FLSA preempts state law claims that depend on establishing the employer violated the FLSA. Plaintiffs argue that federal courts consistently allow both state and federal overtime claims brought in the same action. They state they have independent state law rights to be paid all wages earned that are not dependent on any federal rights. Plaintiffs cite the analyses in Osby v. Citigroup, Inc., 2008 WL 2074102 (W.D. Mo. May 14, 2008), and Robertson v. LTS Mgmt. Servs., LLC, 2008 WL 4559883 (W.D. Mo. Oct. 9, 2008). In both cases, the United States District Court for the Western District of Missouri held that the FLSA did not preempt duplicative state law claims.

The Court finds the analyses in Osby and Robertson persuasive. Here, plaintiffs assert their claims for unjust enrichment, quantum meruit, and breach of an implied contract are not dependent

on enforcement of the FLSA. See Doc. 51 at 9. Although unlike the plaintiffs in Osby, plaintiffs have not provided any specific examples, the Court finds plaintiffs have satisfied the minimal showing required to survive a motion to dismiss. Id. at *2. As the Court noted in Roble v. Celestica Corp., 2006 WL 3858396 (D. Minn. Dec. 29, 2006), additional discovery may reveal that plaintiffs' common law claims are in fact duplicative of the statutory claims, but the Court cannot conclude at this preliminary stage that the underlying claims are preempted by the FLSA.

Additionally, although the second amended class action complaint does not expressly allege Counts III through V in the alternative to their claims based on the contractual provisions, plaintiffs have represented to the Court that they are pleading these claims in the alternative. See Pl. Resp. at 6. "If no contract is found based on McDonald's policies and the employee handbook . . . the court could exercise its equity jurisdiction to allow for recovery of unpaid wages and other contractual obligations under theories [raised in Counts III through V]." Id.; see, e.g., LePage v. Blue Cross & Blue Shield, 2008 WL 2570815, *8 (D. Minn. June 25, 2008) (finding plaintiffs free to pursue relief under the FLSA and unjust enrichment). Accordingly, the Court denies defendant's motion to dismiss Counts III through V.

### E. Constitutional Standing

Defendant argues plaintiffs, who all work or have worked at a McDonald's store in Oakville, Missouri, do not have constitutional standing to assert claims based upon conduct at any other McDonald's store "and lack standing to sue on behalf of individuals at those stores." For support, defendant cites Steger v. Franco, Inc., 228 F.3d 889 (8th Cir. 2000), in which the Eighth Circuit upheld the district court's decision finding four disabled plaintiffs could not bring claims for ADA violations pertaining to a building they had never visited.

To meet the threshold question of constitutional standing, a plaintiff has the burden of proving: (1) that he or she suffered an injury-in-fact; (2) a causal relationship between the injury and the challenged conduct; and (3) that the injury likely will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Here, plaintiffs' second amended class action complaint alleges each plaintiff works or worked as an hourly non-exempt employee at the McDonald's of Oakville restaurant located at 5537 Telegraph Road, St. Louis, Missouri. (2d Compl. at ¶¶ 4-7, 11-14). The complaint further alleges that each plaintiff "has been victimized by defendant's unlawful compensation practices." (Id. at ¶ 9). Among other allegations, plaintiffs state they were denied meal and rest breaks by defendant and were required to work through break periods; defendant improperly maintained plaintiffs' time records; and plaintiffs were not paid for time spent washing and maintaining their uniforms. (Id. at ¶¶ 19-22). For damages, they seek unpaid wages, liquidated damages where applicable, costs and attorneys' fees. (Id. at 17). These allegations show a harm that is concrete and particularized, not conjectural or hypothetical. See Lujan, 504 U.S. at 560. Plaintiffs' second amended complaint clearly establishes they have constitutional standing to bring their claims. Unlike plaintiffs in Steger, many of whom never attempted to enter the building that was the subject of their ADA suit, here each plaintiff has alleged an injury-in-fact caused by the actions of defendant that will be redressed by a favorable decision.

To the extent defendant argues plaintiffs lack standing to assert claims on behalf of purported class members working at locations other than the McDonald's restaurant in Oakville, Missouri, this argument goes to plaintiffs' ability to certify a class pursuant to Rule 23 and to act as class representatives. The issue of class certification is not currently before the Court. The issue before the Court is plaintiffs' constitutional standing to assert their individual claims against defendant. The

second amended class action complaint adequately asserts plaintiffs' Article III standing, and therefore defendant's motion to dismiss will be denied on this point.

## F. The Class Allegations

Defendant moves to strike or dismiss plaintiffs' class allegations, arguing plaintiffs cannot meet Rule 23(b)(3)'s standard for predominance and superiority. Striking plaintiffs' class action allegations prior to discovery and the class certification stage is a rare remedy, appropriate where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met. See Weatherly v. Michael Foods, Inc., 2008 WL 5110917, *3 (D. Neb. Dec. 2, 2008) (citing Weathers v. Peters Realty Corp., 499 F.2d 1197, 1200 (6th Cir. 1974)).

The Court has thoroughly reviewed the case law cited by both parties. While the Court has doubts regarding whether plaintiffs can meet the standards set forth in Rule 23, particularly in light of the Eighth Circuit's rulings in In re St. Jude Med., Inc., 522 F.3d 836 (8th Cir. 2008), and Blades v. Monsanto Co., 400 F.3d 562 (8th Cir. 2005), at this stage in the proceeding these doubts must be resolved in favor of plaintiffs. In their second amended class action complaint, plaintiffs allege defendant "had a policy to automatically deduct a 30 minute break period for breaks not taken, including a 30 minute deduction for the time when defendant's computers shut down and re-boot each day." (2d Compl. at ¶ 19). Further, plaintiffs state that "defendant's improper manipulations of employee time records may be identified via processes available through defendant's own time-keeping software, programs and other records." (2d Compl. at ¶ 27).

In ruling on defendant's motion to strike or dismiss the class allegations, the Court must accept these allegations as true. Accepting these allegations as true, plaintiffs would be entitled to relief. If, in fact, defendant had official policies in place regarding automatic deductions for breaks

not taken and automatic deductions for re-boots of the computer, plaintiff might be able to prove the alleged violations on a classwide basis. Here, the complaint does not demonstrate that the requirements for maintaining a class action cannot be met. The Court finds, instead, that a more rigorous analysis of the applicable facts is necessary before it considers dismissal of the class allegations. For example, substantial discovery had been completed in In re Wal-Mart Wage & Hour Employment Prac. Litig., 2008 WL 3179315, *2, *13 (D. Nev. June 20, 2008), prior to the Court's order denying class certification. In In re Wal-Mart, the court had before it Wal-Mart's official policy PD07, internal memos, audits, reports, and communications. Based on this information, the court concluded that plaintiffs could establish commonality, but that plaintiffs could not show that common issues predominated over questions affecting individual plaintiffs. Here, the Court has before it only plaintiffs' allegations regarding defendant's policies, and defendant's generalizations regarding the types of individualized proof that would be necessary for plaintiffs to establish their claims.

Going forward, plaintiffs will likely have difficulty proving classwide injury with proof common to the class (see Blades v. Monsanto Co., 400 F.3d 562 at 571-75; In re St. Jude Med., Inc., 522 F.3d 836 at 841); proving violations based on statistical analyses (see In re Wal-Mart Wage & Hour Emp. Prac. Litig., 2008 WL 3179315 at **18-19); and overcoming the individual case-by-case analysis of their "off-the-clock" claims (see, e.g., Diaz v. Electronics Boutique of Am., 2005 WL 2654270, *5 (W.D.N.Y. Oct. 17, 2005); Lawrence v. City of Philadelphia, 2004 WL 945139, *2 (E.D. Pa. Apr. 29, 2004)). At this point in the proceeding, however, based on the second amended class action complaint, the Court finds it proper to allow plaintiffs to conduct discovery to determine whether the prerequisites of Rule 23 can be satisfied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss and motion to strike or dismiss class allegations is **GRANTED in part** and **DENIED in part**. [Doc. 64] The motion is **granted** as to plaintiffs' claims arising prior to January 1, 2007 brought pursuant to the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq.*; plaintiffs' claims brought pursuant to Missouri's record keeping statute, Mo. Rev. Stat.§ 290.520 (Count II); and plaintiffs' claims for injunctive and declaratory relief brought pursuant to the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq*. The motion is **denied** in all other respects.

An order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th  day of February, 2009.